### STATE, DEPARTMENT OF PUBLIC SAFETY, v. REUBEN JOSEPH EARLY.

247 N. W. 2d 402.

October 8, 1976—No. 45702.

*Whitney E. Tarutis,* for appellant.

*Warren Spannaus,* Attorney General, and *Craig R. Anderson,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This is an appeal by Reuben Early from an order of the district court sustaining the revocation of his driver's license for refusing to submit to testing under the implied-consent law, Minn. St. 169.123. We affirm.

At approximately 9:45 p. m., on Thursday, May 10, 1973, Officer Robert W. Myers of the Oakdale Police Department observed appellant driving erratically and stopped him. The officer concluded that appellant was under the influence of alcohol, and arrested him for driving in that condition contrary to Minn. St. 169.121. The officer gave appellant a Miranda warning and asked him whether he would consent to a blood or breath test. Appellant replied that he wanted to talk with his attorney before making that decision, and the officer stated that he would permit appellant to do so.

The officer took appellant to the Washington County sheriff's office where he was allowed to call his attorney. The officer testified and the district court chose to believe that appellant told the officer that he was not going to submit to testing because his attorney had advised him that he did not have to do so. Appellant's testimony, which was very confused, contains references to alleged discussions with officers about a fee for the test and an indication by him that he did not want to make a decision until his attorney was actually present.

After hearing what he interpreted to be appellant's refusal to submit to testing, the officer proceeded to read to him a standard implied-consent advisory. The advisory informed appellant, among other things, that he might lose his license for 6 months if he refused testing and that his rights to remain silent and to counsel did not apply to the taking of chemical tests. The officer reported that appellant refused any testing in response to his requests.

After his conversation with appellant, Officer Myers finished filling out the implied-consent form at 10:37 p. m., and shortly

thereafter left the sheriff's office to return to duty. After the officer had left, William Jepsen, an attorney who had been dispatched by the attorney with whom appellant had earlier conversed by telephone, arrived at the sheriff's office. Mr. Jepsen inquired of deputies whether a test could then be given. Deputies contacted Officer Myers at the Oakdale Police Station sometime after 11 p. m., but he declined to return, stating that he could not spare the time for such a trip and that he believed the appellant had already been given ample opportunity to decide whether he wished to take a test. No test was given, and the commissioner of public safety proposed revocation of appellant's license for unreasonably refusing to consent to testing in accordance with Minn. St. 169.123. Revocation was sustained by the county and district courts, and we have accepted appellant's appeal to this court.

Appellant initially contends that Officer Myers misled him into believing that he had a right to have counsel actually present before he decided whether to submit to testing. He contends that in reliance on this advice he delayed making his decision whether to submit to testing until his attorney arrived.

The district court found that appellant was properly advised of his rights under the statute and that he refused testing "under circumstances where this Officer could reasonably believe that he was not about to change his mind." These findings are not clearly erroneous and must be affirmed.

Appellant also argues that he was entitled to delay his final decision regarding testing until his attorney arrived and to insist upon testing at that time. We disagree. As we held in Prideaux v. State, Department of Public Safety, 310 Minn. 405, 421, 247 N. W. 2d 385, 394, filed herewith:

"* * * [A]ny person who is required to decide whether he will submit to a chemical test in accordance with § 169.123 shall have the right to consult with a lawyer of his own choosing before making that decision, provided that such a consultation does not unreasonably delay the administration of the test. The person

must be informed of this right, and police officers must assist in its vindication. *The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel."* (Italics supplied.)

Here, appellant's right to counsel, discussed in Prideaux, was fully vindicated. He consulted with counsel, but refused testing.[1] When his counsel requested testing some 30 minutes after refusal, the officer was no longer available. Under these circumstances, we hold that appellant's refusal was unreasonable and his license was properly revoked.

Affirmed.

---

[1] Counsel's advice not to submit to testing is, of course, not a basis for reasonable refusal. State, Department of Public Safety, v. Anderson, 306 Minn. 552, 236 N. W. 174 (1975).